**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JARIA DIXON | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| ALLIED UNIVERSAL | § | |
| SECURITY SERVICES | § | |
| *Defendant*. | § | |
| | § | |

**NOTICE OF REMOVAL TO FEDERAL COURT
BASED ON DIVERSITY OF CITIZENSHIP JURISDICTION**

Consistent with 28 U.S.C. §§ 1332(a), 1441(a), and 1446(b), Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services ("Allied Universal")[1], by and through undersigned counsel, hereby files this Notice of Removal of the above-styled action, originally filed in the 127th Judicial District of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. As grounds for removal, Allied Universal shows:

I.   **BACKGROUND**

1.      On October 1, 2025, Plaintiff, Jaria Dixon ("Plaintiff") filed her Original Petition in a case styled, *Jaria Dixon v. Allied Universal Security Services* Cause No. 202574409, 127th Judicial District Court, Harris County, Texas. (*See* Exhibit A, State Court Pleadings, pp. 1-4).

2.      The Clerk of the District Court of Harris County, Texas executed a citation on October 13, 2025, and served the citation on Allied Universal on October 16, 2025. (*See* Exhibit A, State Court Pleadings, p. 32-34).

---

[1] Incorrectly named in the Petition as Allied Universal Security Services.

1

3.      On October 29, 2025, Plaintiff filed her Amended Petition with the 127th Judicial District Court, Harris County, Texas. (*See* Exhibit A, State Court Pleadings, p. 42-46).

4.      On November 10, 2025, Allied Universal filed its Answer. (*See* Exhibit A, State Court Pleadings, p. 55-63).

5.      While Allied Universal notes Plaintiff's Petition lacks any merit, Plaintiff's Petition purportedly arises out of her employment with Allied Universal and asserts claims under the Texas Labor Code for discrimination based on her gender and retaliation for reporting alleged discriminatory conduct. (*See* Exhibit A, State Court Pleadings, p. 44-45).

6.      At the time of filing of this Notice of Removal, no orders have been signed by the state court judge.

7.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it is being filed and served within thirty (30) days after Allied Universal was served with a copy of the initial pleading setting forth the claims for relief upon which this action is based.

8.      When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, the defendant may remove the action to federal court. 28 U.S.C. § 1441(a).

9.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, true and correct copies of the following documents are attached as exhibits to this Notice of Removal[2]:

A. All executed process in the case (Exhibit A);

B. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (Exhibit A);

---

[2] Local Rule 81 requires the attachment of "[a]ll orders signed by the state judge." There are no such orders in this case.

C. The docket sheet (Exhibit B);

D. An index of matters being filed (Exhibit C); and

E. A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit D).

## II.    <u>JURISDICTION AND VENUE</u>

10.    Removal of this action is proper under 28 U.S.C. §§ 1332(a), 1441(a), and 1446(b), because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

11.    Venue is proper in this Court under 28 U.S.C. §§ 124, 1391, and 1446.

## III.    <u>REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP</u>

### a. Complete Diversity of Citizenship Exists Between Plaintiff and Allied Universal.

12.    Removal based on diversity jurisdiction is proper because there is complete diversity of citizenship between Plaintiff and Allied Universal.

13.    In order to remove to this Court, Allied Universal needs only to plausibly allege the requirements for federal jurisdiction via "a short and plain statement of the grounds for removal" and no evidentiary submissions are required. 28 U.S.C. § 1446(a).

14.    Plaintiff is a citizen of Texas.

15.    Plaintiff admits in her Amended Petition that she is a resident of Texas and that she resides at 2010 N Main Street apt 413, Houston, Texas, 77009. (*See* Exhibit A, State Court Pleadings, pp. 42, 45). "For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). Because Plaintiff's residence is in Texas, her domicile is also in Texas. *See id.*

3

16.    Additionally, when Plaintiff was hired by Allied Universal in August of 2022 she reported on her application for employment that she resided in Texas. (*See* Exhibit E, Declaration of LaShonda Tenner, ¶ 17). Once employed, Plaintiff filled out an IRS Form W-4 that also stated she resided in Texas. (*Id.*). Lastly, Plaintiff is still employed by Allied Universal, in the State of Texas. (*Id.*). *See MidCap Media Fin., L.L.C.*, 929 F.3d at 313 (stating that there are factors courts can consider when determining the domicile of a plaintiff, including but not limited to, where a plaintiff pays taxes and where the plaintiff is employed). Because "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change," Plaintiff is a citizen of Texas for purposes of diversity jurisdiction. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

17.    For the purposes of diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business refers to its "nerve center," *i.e.*, the location where the corporation's officers direct, control, and coordinate the corporation's activities and, in practice, where the corporation maintains its headquarters. *Hertz Corp. v. Friend,* 559 U.S. 77, 80–81, 92–95 (2010); *See also Jing Gao v. Blue Ridge Landfill TX, L.P.*, 783 F. App'x 409, 410 (5th Cir. 2019) (applying "nerve center" test).

18.    At the time of removal, Allied Universal was and is organized as a Limited Partnership that is incorporated in Delaware and has its principal place of business in California. (*See* Exhibit E, Declaration of LaShonda Tenner, ¶¶5-16.) Allied Universal is neither incorporated in Texas nor does it have its principal place of business in Texas. (*Id.*) Likewise, none of the members of Allied Universal are incorporated in Texas or have a principal place of business in Texas. (*Id.*)

19.     Because Plaintiff and Allied Universal are neither citizens nor residents of the same state, complete diversity exists between Plaintiff and Allied Universal, supporting this Court's original jurisdiction over this action. *See* 28 U.S.C. § 1332(a)(1).

**b. The Amount in Controversy Exceeds $75,000.**

20.     Plaintiff does not plead an amount in controversy in her Petition. (*See* Exhibit A, State Court Pleadings, pp. 42-46). Where, as here, the Plaintiff's state court pleading does not state the amount in controversy, the defendant's notice of removal may do so. *See* 28 U.S.C. § 1446(c)(2)(A); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). Allied Universal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Owens*, 574 U.S. at 89. The defendant does so by: (1) demonstrating that it is "facially apparent" from the plaintiff's state court pleading that the claims are likely above $75,000, or (2) setting forth the facts in controversy that support a finding of the requisite amount. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

21.     Allied Universal denies all of Plaintiff's allegations and disputes that Plaintiff is entitled to any relief. Without prejudice to its defenses in this action, however, Allied Universal stipulates that the amount Plaintiff has placed in controversy exceeds the $75,000 threshold for removal under 28 U.S.C. § 1332(a).

22.     In Texas, a plaintiff who brings a cause of action for discrimination and retaliation may be entitled to lost wages and benefits, future lost wages and benefits, mental anguish damages, punitive damages, and other nonpecuniary losses. *See* Tex. Lab. Code § 21.2585. Attorney's fees are also available. Tex. Lab. Code § 21.259.

23.     Plaintiff alleges that she is entitled to damages for the loss of past and future wages and employment benefits, mental anguish and emotional distress, loss of professional reputation,

attorneys' fees and court costs, and exemplary and punitive damages. (*See* Exhibit A, State Court Pleadings, p. 45). Based on these claims for damages, it is facially apparent from the Petition that the claims exceed $75,000 as a legal certainty.

24.     Similar cases support Allied Universal's averment that the amount in controversy exceeds $75,000. For example:

25.     *Delaronde v. Legend Classic Homes, Ltd.*, No. 4:14CV01578, JVR No. 1605100021 (S.D. Tex. Dec. 11, 2015) (Verdict and Settlement Summary), jury awarded the Plaintiff $150,000 in punitive damages and an additional $150,000 in compensatory wages after she was transferred and received a pay decrease due to gender discrimination.

26.     *Equal Employment Opportunity Commission, Kimberly Long and Cynthia Wilson v. Brentwood Healthcare Ltd.*, No. 3:06-CV-01780, 2008 WL 747780 (N.D. Texas March 6, 2008) (Verdict and Settlement Summary), settlement for $150,000 after plaintiffs alleged they were demoted and retaliated against due to gender discrimination.

27.     *Siri v. The City of Dallas*, No. 3:10CV00036, JVR No. 1504300034 (N.D. Tex. May 15, 2013) (Verdict and Settlement Summary), settlement for $390,000 after plaintiff alleged she was demoted due to gender discrimination.

28.     *Allen v. Radio One of Texas II.*, No. 4:09-cv-04088, 2011 WL 2489045 (S.D. Tex. May 19, 2011) (Verdict and Settlement Summary), jury awarded plaintiff $750,000 in punitive damages, $10,000 for mental anguish, emotional pain, and suffering, and $6,617.45 in lost wages and benefits after finding that plaintiff was discriminated against due to her gender.

29.     *Owen v. Harris County*, No. 4:07-cv-03273, 2009 WL 2901614 (S.D. Tex. May 25, 2009) (Verdict and Settlement Summary), jury awarded the plaintiff $215,000 for past and future

mental anguish, pain, and suffering in addition to $18,000 for lost wages and benefits after finding that plaintiff was discriminated against due to her gender.

30.     These awards demonstrate that, for diversity purposes, the value of damages in similar cases far exceeds the $75,000 amount in controversy requirement.

31.     For the foregoing reasons, the parties are completely diverse and the amount in controversy exceeds the value of $75,000. Diversity jurisdiction is satisfied in accordance with 28 U.S.C. § 1332. Accordingly, this Court possesses subject matter jurisdiction based on diversity.

## IV.    ALLIED UNIVERSAL SATISFIES ALL REQUIRMENTS OF 28 U.S.C. § 1446.

32.     **Removal is timely**. Allied Universal timely filed this Notice of Removal within thirty days of service of Plaintiff's Petition. The Clerk of the District Court of Harris County, Texas executed a citation on October 13, 2025, and served it on Allied Universal on October 16, 2025; the deadline to file Allied Universal's Notice of Removal is November 15, 2025. 28 U.S.C. § 1446(b). Since November 15, 2025, is a Saturday, the deadline becomes the following Monday, or November 17, 2025. *See* Fed. R. Civ. Pro. 6.

33.     **Removal to this Court is proper**. Plaintiff's Petition was filed in the 127th Judicial District Court of Harris County, Texas, which is located in this District.

34.     **All pleadings and process in State Court have been submitted with this Removal**. Other than the documents submitted with the Notice of Removal, no other pleadings, process, orders, or other papers in this case have been filed, served, or received by Allied Universal.

35.     **Notice has been provided to all Parties and the State Court**. Allied Universal is simultaneously filing a copy of its Notice of Removal with the clerk of the State Court and is serving a copy on Plaintiff.

## V.  <u>NON-WAIVER OF DEFENSES</u>

36.     By filing this Notice of Removal, Allied Universal does not waive any defenses available to it. Allied Universal does not admit, and in fact specifically denies, that Plaintiff states a claim upon which relief may be granted, or that Plaintiff is entitled to any damages, or any other relief sought in the Petition.

## VI.  <u>REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE IF NEEDED</u>

37.     As the party requesting the removal, Allied Universal's Notice of Removal has satisfied its obligation to provide a "short and plain statement of the grounds for removal." *Dart*, 574 U.S at 87 (citing 28 U.S.C. § 1446(a)). "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to the matters of pleading.'" *Id.* Allied Universal has satisfied this standard here; however, should the Court so request, the factual allegations in this pleading will be supported by additional affidavit or other summary judgment-type evidence.

38.     In the event Plaintiff files a motion or other request to remand, or the Court considers remand *sua sponte*, Allied Universal reserves all rights to submit such additional arguments and/or evidence in support of removal as may be necessary or appropriate, including additional competent evidence as to the existence of diversity of citizenship as well.

39.     WHEREFORE, Defendant Allied Universal respectfully requests that this Honorable Court exercise jurisdiction over this matter.

**[Signature Page to Follow]**

Dated: November 17, 2025.

Respectfully submitted,

*/s/* Miranda K. Roberts
Miranda K. Roberts
Attorney-In-Charge
State Bar No. 24121086
SDTX Bar No. 3779561
MARTENSON, HASBROUCK & SIMON LLP
2911 Turtle Creek Blvd., Suite 1280
Dallas, TX 75219
T: 972-497-2953
F: 404-090-8120
Email: mroberts@martensonlaw.com

**Counsel for Allied Universal**

## CERTIFICATE OF SERVCE

I certify that on November 17, 2025, a true and correct copy of the foregoing document

was served on the following party pursuant to the Federal Rules of Civil Procedure, via certified

mail:

Jaria Dixon
2010 N Main Street apt. 413
Houston, Texas 77009
JariaDixon23@icloud.com
*Pro Se*

/s/ Miranda K. Roberts