United States District Court
Southern District of Texas
**ENTERED**
October 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JARIA DIXON, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-05519 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| ALLIED UNIVERSAL | § | |
| SECURITY SERVICES, | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff Jaria Dixon proceeds here *pro se*. She filed this action against Defendant Allied Universal Security Services for alleged employment discrimination. Dkt 15. Plaintiff maintains that Defendant violated Title VII and the Texas Labor code via alleged gender discrimination, sexual harassment, and retaliation. Id at 1, 3–4. Defendant moved to dismiss for failure to state a claim and as time barred. Dkt 20.

The matter was referred to Magistrate Judge Christina A. Bryan for disposition. Dkt 4. She recommends that the motion to dismiss be granted. Dkt 30 at 11. She concluded that each of Plaintiff's claims fail to state a viable claim. Id at 5–9. She also concluded that leave to amend should be denied because certain claims are time barred and prior amendment failed to cure deficiencies previously identified. Id at 10–11.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other

portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections and a supplement of facts. Dkts 31 & 32. Defendant responded. Dkt 33.

Plaintiff contends that the Magistrate Judge erred by failing to consider the full scope of allegations concerning protected activity and sexual harassment. Dkt 31 at 2–4, 6–8. She also contends that the Magistrate Judge erred by requiring her to identify a proper comparator prior to discovery. Id at 4. She also contends that denial of leave to amend was erroneous because she has identified new facts and can now cure pleading deficiencies. Id at 8–11.

Upon *de novo* review and determination, Plaintiff's objections lack merit. Judge Bryan thoroughly and thoughtfully considered, and rejected, each of the arguments presented in the objections. Dkt 30 at 5–11. She correctly concluded that Plaintiff failed to state a harassment claim under either a *quid pro quo* or hostile-environment theory "even under the most liberal construction of her pleading." Dkt 30 at 7–8, citing *Casiano v AT&T Corp.*, 213 F3d 278, 283–84 (5th Cir 2000), and *Arredondo v Elwood Staffing Services, Inc.*, 81 F4th 419, 435 (5th Cir 2023). She also correctly concluded that the alleged comparators weren't similarly situated as they were superiors. Id at 5–7, quoting *Alkawaldeh v Dow Chemical Co*, 851 F3d 422, 426 (5th Cir 2017). Further, she properly determined that leave to amend was futile as pleading deficiencies were still uncured even after prior amendment. Id at 10–11.

Upon *de novo* review and determination, the objections by Plaintiff lack merit. No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The objections by Plaintiff Jaria Dixon to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 5.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 30.

The motion to dismiss by Defendant Allied Universal Security Services is GRANTED. Dkt 20.

This action is DISMISSED WITH PREJUDICE.

A final judgment will issue separately.

SO ORDERED.

Signed on October 26, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge